[Cite as *Sheet Metal Workers Local Union #33 v. Sutton*, 2011-Ohio-3809.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHEET METAL WORKERS LOCAL UNION NO. 33 | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2010CA00323 |
| THOMAS F. SUTTON, JR., ET AL. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2010CV00567

JUDGMENT:                     Affirmed in part; Reversed and Remanded
                              in part

DATE OF JUDGMENT ENTRY:       August 1, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendants-Appellants


AMY L. ZAWACKI                         ROBERT J. TSCHOLL
Allotta, Farley & Widman Co., LPA      JENNIFER L. ARNOLD
2222 Centennial Road                   220 Market Ave. South, Suite 1120
Toledo, Ohio 43617                     Canton, Ohio 44702

*Hoffman, J.*

{¶1}  Defendants-appellants Thomas F. Sutton, Jr., et al. appeal the October 22, 2010  Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Sheet Metal Workers Local Union No. 33. Appellants also appeal the April 9, 2010 Judgment Entry, which denied their request for fees.

STATEMENT OF THE FACTS AND CASE

{¶2}  Appellee is a local trade union affiliate of an international labor union. Appellants were voluntary members of Appellee, working as employees of Kiko Heating & A/C. Kiko was a covered employer and signatory to a collective bargaining agreement with Appellee.

{¶3}  On June 19, 2009, Jerry Durieux, Appellee's business representative, contacted Appellant Thomas F. Sutton, Jr., who was the union steward for Kiko. Durieux asked Appellant Sutton to arrange a meeting for all Kiko employees who were members of Appellee.  At the meeting, Durieux advised Kiko's union member employees that Kiko was three weeks behind on fringe benefit payments. Appellant and the other employees agreed with Durieux's decision to remove them from Kiko should the employer not pay the fringe benefits by the following day. Following the meeting, Durieux provided Tim Brown, owner of Kiko, notice if the fringe benefits were not paid, Appellee would remove all of its members from Kiko. Kiko did not pay the delinquent fringe benefits. As a result, Appellee exercised its right under the collective bargaining agreement and pulled its members working for Kiko.

{¶4} Shortly after Appellee pulled its members from Kiko, Appellants returned to work at Kiko for a non-bargained wage and fringe benefits package. On June 26, 2009, Appellee filed charges against Appellants, alleging violations of Article 17, Sections 1(e), 1(f), and 1(m) of the Union's Constitution. Appellants resigned from the Union on June 30, 2009. Appellee sent Appellants notice of a "union" trial scheduled for September 12, 2009. Appellants did not appear at the "union" trial. The Trial Committee conducted the hearing and found Appellants in violation of Sections 1(e), 1(f), and 1(m) of Article 17 of the Union's Constitution. The Trial Committee fined Appellant Sutton a total of $60,000; and fined the other Appellants a total of $45,000/each. Appellee's membership accepted the Trial Committee's decision at a regular meeting held on September 15, 2009. On September 21, 2009, Appellee notified Appellants, in writing, via first class mail and certified mail, of the decision and of their appeal rights and obligations. Appellants did not exercise their appeal rights.

{¶5} On December 1, 2009, Appellee filed five separate actions against each Appellant in the Cuyahoga County Court of Common Pleas, seeking to uphold the disciplinary sanctions and to collect the disciplinary fines. Appellants filed individual motions to dismiss. While the motions were pending, Appellants filed separate motions to consolidate, which the trial court granted. The trial court treated the motions to dismiss as motions for change of venue. The trial court ordered the consolidated cases be transferred to Stark County. The Stark County Court of Common Pleas received the transfer on February 11, 2010. Appellants filed an Answer as well as a motion for attorney fees. Via Judgment Entry filed April 9, 2010, the trial court denied Appellants' request for fees.

{¶6} After an unsuccessful attempt at mediation, Appellee filed a motion for summary judgment. Appellants filed a memorandum in opposition. Via Judgment Entry filed October 22, 2010, the trial court granted Appellee's motion for summary judgment. The trial court found Appellants were still active members of the Union when they committed the offenses on June 23, 2009; therefore, Appellee had jurisdiction over them. The trial court also found the fines imposed upon Appellants were not arbitrary or unreasonable.

{¶7} It is from this judgment entry Appellants appeal, raising the following assignments of error:

{¶8} "I. THE TRIAL COURT IMPROPERLY RESOLVED ISSUES OF FACT IN THE MOVANT'S FAVOR.

{¶9} "II. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE UNION HAD JURISDICTION OVER THE EMPLOYEES.

{¶10} "III. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE FINE IN THE MATTER WAS APPROPRIATE RATHER THAN ARBITRARY AND UNREASONABLE.

{¶11} "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO AWARD ATTORNEY FEES TO DEFENDANTS UPON THE CHANGE OF VENUE UNDER OHIO CIVIL RULE 3."

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As

such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶13} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶14} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I

**{¶15}** In their first assignment of error, Appellants contend the trial court improperly resolved issues of fact in Appellee's favor. Specifically, Appellants take issue with the trial court's resolution of the question of what Jerry Durieux told Appellants about whether there would be other work available after they were removed from Kiko.[1] We find what Durieux told or did not tell Appellants regarding other available work is not a material fact as it relates to Appellee's decision finding Appellants violated the contract[2].

**{¶16}** Generally, the provisions set forth in a union's constitution and bylaws, which define punishable conduct and establish the procedures for internal trial and appeal, constitute a contract between the union and its members. *Natl. Labor Relations Bd. v. Allis-Chalmers Mfg. Co.* (1967), 388 U.S. 175, 180, 182, 87 S.Ct. 2001, 2008, 18 L.Ed.2d 1123, 1129. (Citation omitted). Since federal law does not preclude the imposition of disciplinary fines by unions upon its members or the resort to judicial enforcement of such fines, "[s]tate law governs union lawsuits to collect disciplinary

---

[1] In the trial court, Appellants alleged Duriex told them Appellee has no work for them, and that they should continue to pay Union dues and find work wherever they could.
[2] The dispute of this fact is arguably relevant to Appellants' third assignment of error.

fines." *Local Lodge 1297 v. Allen* (1986), 22 Ohio St.3d 228, 232, 22 OBR 407, 410, 490 N.E.2d 865, 869; *Natl. Labor Relations Bd. v. Boeing Co.* (1973), 412 U.S. 67, 74, 93 S.Ct. 1952, 1957, 36 L.Ed.2d 752, 757; *Allis-Chalmers Mfg. Co., supra.*

**{¶17}** "Under Ohio law, unions and other unincorporated associations may sue their voluntary members to collect debts and to enforce discipline." *Local Lodge 1297, supra,* 22 Ohio St.3d at 232, 22 OBR at 410, 490 N.E.2d at 869. A disciplinary fine imposed by a union upon its member is a binding contractual obligation that constitutes a debt. Id*.;* 48 American Jurisprudence 2d (1979) 308, Labor and Labor Relations, Section 397; Annotation (1967), 13 A.L.R.3d 1004.

**{¶18}** Ohio courts will not review the actions and decisions of a union in disciplining its members in the absence of mistake, fraud, collusion or arbitrariness, where the union has afforded the member due process. *State ex rel. Ohio High School Athletic Assn. v. Judges* (1962), 173 Ohio St. 239, 19 O.O.2d 52, 181 N.E.2d 261, paragraph three of the syllabus; *Lough v. Varsity Bowl, Inc.* (1968), 16 Ohio St.2d 153, 45 O.O.2d 483, 243 N.E.2d 61, syllabus.

**{¶19}** Appellants were sent notice of the September 12, 2009 trial committee hearing.  Appellants chose not to attend or send a representative on their behalf. We find Appellants were afforded due process.

**{¶20}** Appellants' first assignment of error is overruled.

II

**{¶21}** In their second assignment of error, Appellants maintain the trial court erred in finding Appellee had jurisdiction over them. We disagree.

**{¶22}** Appellants argue Appellee's jurisdiction over them ended when they voluntarily resigned their memberships. In support of their position, Appellants rely upon *Local Union 673, Bhd. of Elec. Workers v. Markell* (1989), 64 Ohio App.3d 217. The *Markell* case involved a union member who ceased paying dues, but did not notify the union he wished to resign his membership. After he was suspended for nonpayment, but before he was dropped from the membership rolls, the member was observed performing nonunion work and was charged for doing so. The member in *Markell* contended he was not a member subject to discipline after he was suspended. The Eleventh District Court of Appeals agreed, concluding Markell did not meet the union constitution definition of "member"; therefore, could not be disciplined.

**{¶23}** We find *Markell* to be factually distinguishable.  Although Appellants in the instant action were fined after their resignations, they were charged for violations of the Union Constitution committed **prior to** their resigning.  The crucial inquiry with regard to membership status is not whether the person was a member of the union at the time the fines were imposed or enforced, but rather, whether the person was a member of the union on the date of the alleged union violation. *Booster Lodge No. 405, Int'l Ass'n of Machinists and Aerospace Workers v. N.L.R.B.* (D.C.Cir.1972), 459 F.2d 1143 affirmed 412 U.S. 84, 93 S.Ct. 1961, 36 L.Ed.2d 764 (1973). Furthermore, contrary to Appellants' position, we find Appellee did not institute the disciplinary action nor impose the fines as a means of restricting Appellants' ability to resign.  *Pattern Makers' League of North America, AFL-CIO v. N.L.R.B.* (1985), 473 U.S. 95, 105 S.Ct. 3064.

**{¶24}** Based upon the foregoing, we find the trial court did not err in determining Appellee had jurisdiction over Appellants.

**{¶25}** Appellants' second assignment of error is overruled.

III

**{¶26}** In their third assignment of error, Appellants submit the trial court erred in finding the fines imposed upon them by Appellee were not arbitrary or unreasonable.

**{¶27}** "The severity of the fine alone or its punitive effect … is not tantamount to arbitrariness or unreasonableness since the levying of a fine is not merely the collection of damages but relates to the power of a labor organization to promote solidarity among its members." *International Bhd. of Elec.v. Smith* (1992), 76 Ohio App.3d 652, 662. "Among the factors considered by the courts in making a determination as to whether the fine is arbitrary and unreasonable are: (1) methods and formulas used for calculation, (2) the member's conduct for which the fine was imposed, (3) income of the member, (4) amount of fine, (5) resulting harm or damage to the union or its other members, (6) nature of offenses being punished, (7) manner and extent to which the member benefited or profited, and (8) the current economic conditions." Id. (Citations omitted).

**{¶28}** Appellee submitted a second affidavit of Jerry Durieux in support of its position the fines were neither arbitrary nor unreasonable. Durieux averred the fines imposed were appropriate based upon the economic loss suffered by Appellee as well as the resulting harm and damage to the Union as a whole. In opposing Appellee's motion for summary judgment, Appellants submitted their own affidavits in which they each averred the fine imposed was greater than his annual income. Apellant's further stated Durieux told them he did not have work available for the men, and instructed them to find work where they could.

{¶29} We find the averments in Appellants' affidavits are arguably material in terms of mitigation, and in explanation for their actions.

{¶30} Appellants' third assignment of error is sustained.

IV

{¶31} In their final assignment of error, Appellants argue the trial court abused its discretion in refusing to award attorney fees pursuant to Civ. R. 3.

{¶32} A trial court's decision as to the appropriateness of an award of attorney fees will not be reversed absent an abuse of discretion.

{¶33} Civ. R. 3(C) provides, in pertinent part:

{¶34} "(2) When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in division (B) of this rule."

{¶35} Appellee originally filed the actions against Appellants in Cuyahoga County because the main office of the Union is located in Parma, Cuyahoga County, Ohio, and because Appellants participated in business in Cuyahoga County as a result of their voluntary Union membership.

{¶36} We find Appellee had valid reasons to believe Cuyahoga County was the appropriate venue. We further find Appellee did not "deliberately or heedlessly" initiate the actions in Cuyahoga County. See, *Premier Assoc., Ltd. v. Loper* (2002), 149 Ohio App.3d 660 (Citation omitted).

{¶37} Appellants' fourth assignment of error is overruled.

{¶38} The judgment of the Stark County Court of Common Pleas is affirmed in part, and reversed in part.  The matter is remanded for hearing in accordance with this Opinion and the law .

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SHEET METAL WORKERS LOCAL :
UNION NO. 33 :
  :
    Plaintiff-Appellee :
  :
-vs- : JUDGMENT ENTRY
  :
THOMAS F. SUTTON, JR., ET AL. :
  :
    Defendants-Appellants : Case No. 2010CA00323

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded for hearing in accordance with this Opinion and the law. Costs divided equally.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS