[Cite as *Bricklayers' Local Union No. 5 v. Ramey*, 2011-Ohio-6331.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| BRICKLAYERS' LOCAL UNION NO. 5 | C.A. No.    10CA0121-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MIKE RAMEY | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellee | CASE No.    10CV100698 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2011

MOORE, Judge.

{¶1}   Appellant, Bricklayers' Local Union No. 5, appeals from the judgment of the Wadsworth Municipal Court. This Court reverses and remands for proceedings consistent with this opinion.

I.

{¶2}   Appellee, Mike Ramey, was a member of the Bricklayers' Local Union No. 5 (the "Union"). In his application, completed April 26, 2005, Ramey agreed to be bound by the constitution, bylaws, and collective bargaining agreement of the Union. He continuously paid his dues and remained a member for nearly five years.

{¶3}   On November 3, 2009, Vince Isaac, a local field representative for the Union, received a tip that Union members were working at a church in Brunswick, Ohio for a non-union mason contractor in violation of the Union's constitution. Isaac and Dan Zavagno, a business agent for another union, went to the church that evening to investigate. They questioned several

men working at the church. The following day, they returned to the church, and found Ramey sitting in his truck in the parking lot. Isaac and Zavagno confronted Ramey, and he admitted that he was a Union member working for a non-union contractor. Isaac informed Ramey that this was a violation of the union constitution and that he would face charges unless he immediately left the job site. Ramey declined to do so. Later that day, Ramey was charged with violations for working for a non-union contractor.

{¶4} On December 2, 2009, a trial was held before members of the Union's trial board. Ramey appeared and participated in the internal union trial. He did not dispute that he worked for a non-union contractor, or that his conduct was a violation of the Union's constitution. Instead, he argued that he needed the work. At the conclusion of the proceeding, the trial board found that Ramey had not exhausted all efforts to secure union work, and imposed a fine of $2,750. The trial board stated that the fine would be reduced to $300 if Ramey agreed not to return to the non-union position. Ramey continued working for the non-union contractor. On April 5, 2010, the trial board sent Ramey a letter confirming its finding that he had violated the constitution and reiterated that he was liable for the $2,750 fine. Ramey did not file an internal appeal or pay the assessed fine.

{¶5} On September 10, 2010, the Union filed a complaint against Ramey in the Wadsworth Municipal Court seeking to enforce the fine rendered against him. Attached to the complaint was the April 5th letter. On October 14, 2010, the matter proceeded to trial. At trial, Ramey argued that he could not turn down the non-union job because he would become ineligible for unemployment benefits. Contrary to Ramey's claim, the court heard testimony from a Union official that members remain eligible for unemployment compensation if they turn down a non-union job. At the conclusion of the trial, the trial court found in favor of Ramey,

concluding that the membership agreement incorporating the Union constitution was "not a legal obligation." The court further found that the only remedy available to Union was expulsion of Ramey from the union. Because Ramey's membership had terminated prior to trial, the trial court found in favor of Ramey.

{¶6} The Union timely filed a notice of appeal. It raises three assignments of error for our review.

## II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT A UNION MEMBERSHIP AGREEMENT IS NOT LEGALLY ENFORCEABLE AGAINST ITS MEMBERS."

{¶7} In its first assignment of error, the Union argues that the trial court erred as a matter of law when it determined that the Union membership agreement was not legally enforceable against Ramey. We agree.

{¶8} "National labor policy is built on the premise that the most effective way for employees to improve their wages, hours and working conditions is to consolidate their strength through a democratically chosen union. Integral to this policy is the union's preservation of its viability which necessitates the power to protect against the erosion of its status through reasonable discipline of members who violate rules and regulations governing membership. The power to fine a member for violations of union rules is essential if the union is to be an effective bargaining agent." (Internal citations and quotations omitted.) *Internatl. Bhd. of Elec. Workers v. Smith* (1992), 76 Ohio App.3d 652, 660.

{¶9} "Generally, the provisions set forth in a union's constitution and bylaws, which define punishable conduct and establish the procedures for internal trial and appeal, constitute a

contract between the union and its members." *Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist. No. 2010CA00323, 2011-Ohio-3809, at ¶16, citing *Natl. Labor Relations Bd. v. Allis-Chalmers Mfg. Co.* (1967), 388 U.S. 175, 180. "The courts' role is but to enforce the contract." *Interntl. Bhd. of Elec. Workers v. Smith* (1992), 76 Ohio App.3d 652, 660, quoting *Allis-Chalmers Mfg. Co.*, 388 U.S. at 182. Since federal law does not preclude the imposition of disciplinary fines by unions upon its members or the resort to judicial enforcement of such fines, "[s]tate law governs union lawsuits to collect disciplinary fines." *Local Lodge 1297 v. Allen* (1986), 22 Ohio St.3d 228, 232; *Natl. Labor Relations Bd. v. Boeing Co.* (1973), 412 U.S. 67, 74.

{¶10} "Under Ohio law, unions and other unincorporated associations may sue their voluntary members to collect debts and to enforce discipline." *Local Lodge 1297*, 22 Ohio St.3d at 232. The United States Supreme Court has held that while an individual may be required to tender union dues as a condition of employment, no one is required to become a full member subject to union rules. *Natl. Labor Relations Bd. v. Gen. Motors Corp.* (1963), 373 U.S. 734. As such, disciplinary fines imposed by the union may be assessed against and collected from voluntary union members, rather than employees who merely tender dues. *Local Lodge 1297*, 22 Ohio St.3d at 228.

{¶11} "Ohio courts will not review the actions and decisions of a union in disciplining its members in the absence of mistake, fraud, collusion or arbitrariness, where the union has afforded the member due process." *Internatl. Bhd. of Elec. Workers*, 76 Ohio App.3d at 661. In a suit brought by the union, Ohio courts "will make a determination as to whether the fine was arbitrarily imposed and unreasonable in amount before enforcing it[.]" Id. at 662. "Among the factors considered by the courts in making a determination as to whether the fine is arbitrary and unreasonable are: (1) methods and formulas used for calculation, (2) the member's conduct for

which the fine was imposed, (3) income of the member, (4) amount of fine, (5) resulting harm or damage to the union or its other members, (6) nature of offenses being punished, (7) manner and extent to which the member benefited or profited, and (8) the current economic conditions." Id.

{¶12} As discussed above, a union may sue voluntary members to collect debts. *Local Lodge 1297*, 22 Ohio St.3d at 228. In *Internatl. Bhd. of Elec. Workers, Local No. 8 v. Hyder*, 6th Dist. No. WD-03-067, 2004-Ohio-3640, a union brought an action to collect a fine assessed against a member for violating the union constitution. The trial court granted the union's motion for summary judgment, and Hyder appealed. Hyder argued that the trial court erred in determining that he was a voluntary member of the union. The Sixth District concluded that because he was "actively involved with the union and was aware of its rules and constitution," and because his affidavit stated that he "quit the union," there were no material facts which demonstrated that he was anything but a voluntary member of the union. In the case at hand, the Union brought suit against Ramey to collect a fine imposed against him for a violation of his membership agreement that required him to comply with the provisions of the Union constitution and bylaws. The facts indicate that Ramey called the union "numerous times, weekly," asking if work was available. When asked by the trial court if he was still a member of the union, he responded "No, not right now." Ramey made no argument that he was not a voluntary member, and there is nothing to suggest that he merely tendered dues as a condition of employment. Thus, the Union was entitled to enforce the fine in a court of law.

{¶13} In *Sheet Metal Workers Internatl. Assoc. v. Schmidt* (1993), 5th Dist. No. 93-CA-2, at *1, a union brought suit to collect a fine for $5,000 when a union employee violated the union contract by accepting a non-union job. The trial court determined that the fine imposed by the union was unenforceable because a union official did not inform the appellee that he could

resign from the union. The Fifth District noted that "the law in Ohio is clear that regardless of any statements made by a union representative, the union member is bound by the terms contained in the union agreement of which he has a copy." Id. at *2. The court further acknowledged that it was undisputed that the appellee had a copy of the constitution in his possession, and that the appellee sought non-union employment even if it meant being fined for a violation of his agreement. Id. Accordingly, the Fifth District held that "it was appellee's duty to review the union agreement to determine his rights therein if he desired to avoid being fined for violating same." Id. It ultimately reversed the trial court's decision and remanded the matter to the trial court to determine whether the fine imposed was reasonable in amount. Id. citing *Natl. Labor Relations Bd. v. Boeing Co.* (1973), 412 U.S. 67, 76.

{¶14} Here, it is undisputed that Ramey accepted employment with a non-union contractor, and knew that this was a violation of the Union's constitution. Nonetheless, the trial court determined that the Union could not enforce the fine in a court of law. The trial court erred as a matter of law in making that determination because Ohio law permits a union to sue to enforce such debts. *Local Lodge 1297*, 22 Ohio St.3d at 228. As such, the Union's argument is well taken and its first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUBSTITUTING ITS OWN JUDGMENT FOR THE UNION'S IN DETERMINING THAT THE ONLY REMEDY FOR A BREACH OF THE MEMBERSHIP AGREEMENT IS EXPULSION, NOT A FINE."

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE UNION'S DISCIPLINE AGAINST RAMEY COULD NOT BE ENFORCED BECAUSE RAMEY'S MEMBERSHIP IN THE UNION WAS TERMINATED AFTER HE VIOLATED THE CONSTITUTION."

{¶15} In its second assignment of error, the Union maintains that the trial court erred when it determined that the only remedy for breach of the membership agreement was expulsion rather than a fine. In its third assignment of error it argues that the trial court erred when it concluded that the discipline against Ramey could not be enforced because his membership had terminated after he violated the constitution. Because our resolution of the first assignment of error is dispositive of the issues raised, this Court declines to address the second and third assignments of error separately, as they are rendered moot. See App.R. 12(A)(1)(c).

### III.

{¶16} The Union's first assignment of error is sustained. The remaining assignments of error are moot. The judgment of the Wadsworth Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed
and remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT


WHITMORE, P. J.
DICKINSON, J.
CONCUR


APPEARANCES:

JOYCE GOLDSTEIN and SHELLY M. FLEMING, Attorneys at Law, for Appellant.

MIKE RAMEY, pro se, Appellee.