[Cite as *Sheet Metal Workers Local Union No. 33 v. Sutton*, 2012-Ohio-3549.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL UNION NO. 33 | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011CA00262 |
| THOMAS F. SUTTON, JR., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2010CV00567

JUDGMENT:     Affirmed in Part; Judgment Entered

DATE OF JUDGMENT:     August 6, 2012

APPEARANCES:

For Plaintiff-Appellee

AMY L. ZAWACKI
2222 Centennial Road
Toledo, OH  43617

For Defendants-Appellants

ROBERT J. TSCHOLL
JENNIFER L. ARNOLD
400 South Main Street
North Canton, OH  44720

*Farmer, J.*

{¶1} Appellants, Thomas Sutton, Jr., Jerry Anderson, Randy Brewer, Craig Howell, and Joel Jagger, were employees of Kiko Heating & A/C and were members of a union, Sheet Metal Workers Local Union No. 33, appellee herein. Appellant Sutton was the union steward.

{¶2} On June 23, 2009, because Kiko was behind in making fringe benefit payments to appellee, appellee pulled appellants from working for Kiko. Thereafter, appellants returned to work for Kiko for non-bargained wages and fringe benefits.

{¶3} On June 26, 2009, appellee filed charges against appellants for violating Article 17 of the Union's Constitution. Appellants resigned from the union on June 30, 2009. A "union" trial was held on September 12, 2009. Appellants did not appear. The committee found appellants had violated three sections of Article 17 of the Union's Constitution, and imposed fines of $20,000.00 (times 3 for a total of $60,000.00) against appellant Sutton and $15,000.00 (times 3 for a total of $45,000.00) against each of the remaining appellants. Appellee's membership accepted the committee's decision at a regular meeting held on September 15, 2009. Appellants did not exercise their appeal rights.

{¶4} On December 1, 2009, appellee filed five separate actions against each appellant in the Court of Common Pleas of Cuyahoga County, seeking to uphold the sanctions and collect the fines. The cases were consolidated and transferred to the Court of Common Pleas of Stark County. On September 16, 2010, appellee filed a motion for summary judgment. By judgment entry filed October 22, 2010, the trial court granted said motion and found the fines imposed were not arbitrary or unreasonable.

{¶5} Appellants appealed, and this court affirmed the trial court's decision, but reversed on the arbitrary and reasonable nature of the fines. *Sheet Metal Workers Local Union No. 33 v. Sutton,* Stark App. No. 2010CA00323, 2011-Ohio-3809.

{¶6} Upon remand, the trial court conducted a hearing on November 10, 2011. By judgment entry filed November 15, 2011, the trial court found appellants violated two sections of Article 17 of the Union's Constitution, and the fines imposed by appellee for each violation were not arbitrary or unreasonable. The total fine imposed against appellant Sutton was $40,000.00 and the total fine imposed against each of the remaining appellants was $30,000.00.

{¶7} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶8} "THE TRIAL COURT DID NOT CORRECTLY APPLY THE <u>SMITH</u> FACTORS AS THE FINE IS ARBITRARY AND UNREASONABLE."

I

{¶9} Appellants claim the trial court erred in determining the fines as the trial court did not properly apply the factors enumerated in *International Brotherhood of Electrical Workers v. Smith* (1992), 76 Ohio App.3d 652. We agree in part.

{¶10} The *Smith* court stated the following at 661 and 662, respectively:

{¶11} "Ohio courts will not review the actions and decisions of a union in disciplining its members in the absence of mistake, fraud, collusion or arbitrariness, where the union has afforded the member due process.***In this regard, a complaint

that the penalty imposed is too harsh does not amount to an allegation of arbitrariness.***

{¶12} "Nevertheless, although Ohio courts have not addressed the issue, it is universally recognized by courts of other jurisdictions that, in a suit brought by the union, the court will make a determination as to whether the fine was arbitrarily imposed and unreasonable in amount before enforcing it, even where the member has failed to exhaust internal union remedies. In such case, upon determination that the fine is both arbitrary and unreasonable, the court will reduce it. The severity of the fine alone or its punitive effect, however, is not tantamount to arbitrariness or unreasonableness since the levying of a fine is not merely the collection of damages but relates to the power of a labor organization to promote solidarity among its members. Among the factors considered by the courts in making a determination as to whether the fine is arbitrary and unreasonable are: (1) methods and formulas used for calculation, (2) the member's conduct for which the fine was imposed, (3) income of the member, (4) amount of fine, (5) resulting harm or damage to the union or its other members, (6) nature of offenses being punished, (7) manner and extent to which the member benefited or profited, and (8) the current economic conditions.***" (Citations omitted.)

{¶13} Our review is limited to whether the evidence presented substantiates the trial court's conclusions. On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* ____ Ohio St.3d ____, 2012-Ohio-2179.

{¶14} In its judgment entry filed November 15, 2011, the trial court concluded the following:

{¶15} "After considering the factors set forth in *Smith* and after evaluating the credibility of the witnesses, the Court found that there was sufficient evidence demonstrating that Sections, 1(e) and 1(m) of Article 17 of the Union's Constitution were violated by the Defendants. The Court found, however, that there was insufficient evidence to demonstrate a violation of Section 1(f) of the Union's Constitution.

{¶16} "The Court further found that the fines imposed were not arbitrary or unreasonable and that there was justification regarding the $5,000.00 differential in the fines imposed between Defendant Thomas Sutton and the other Defendants in this matter.

{¶17} "Therefore, the Court finds a $15,000.00 fine shall be imposed for each violation of the Union's Constitution, i.e. Sections 1(e) and 1(m), against Defendant Jerry Anderson, Defendant Randy Brewer, Defendant Craig Howell and Defendant Joel Jagger to the end that each individual Defendant is liable to the Plaintiff in the amount of $30,000.00.

{¶18} "The Court further fines that a $20,000.00 fine shall be imposed for each violation of the Union's constitution, i.e. Sections 1(e) and 1(m), against Defendant Thomas Sutton to the end that Defendant Sutton is liable to the Plaintiff in the amount of $40,000.00."

{¶19} Using the template set forth in *Smith,* we find there was no specific method or formula used to determine the fines in the case sub judice. Presented to the trial court were the testimonies of Gerald Durieux and Brad Klausner, appellee's business representatives. Mr. Klausner was on the union's executive board and was on the trial committee when the violations and fines were determined against appellants. T. at 97-98. He testified the fines imposed were "typical" of previous decisions and the committee attempted to be consistent. T. at 101, 118. In support, Mr. Klausner pointed to three other cases wherein union members in violation of the Union Constitution were fined $15,000.00 per violation. T. at 102-103, 112-113. One of the cases involved union members opening their own non-union competing business. T. at 42, 102, 112.

{¶20} On scale of 1 to 10, Mr. Klausner characterized the seriousness of appellants' actions as a 10. T. at 109. The rationale used to justify the fines was that appellants' actions "ruins the market share" and could cause a "ripple effect." T. at 104-106. Mr. Klausner explained "if, you know, we weren't to do anything about these violations, then more people would probably, you know, do that or go against what the rules are, so we're just trying to uphold the rules***." T. at 106. The fines are used as an example of what could happen when one violates the union contract. T. at 106-107.

{¶21} The record is devoid of the actual monetary damage to appellee and the amount of monetary gain to appellants. T. at 117-118. Mr. Klausner admitted "I don't have a formula that we use." T. at 123. No evidence was presented as to how long appellants worked for Kiko; however, they made approximately $23.00 to $25.00 per hour. T. at 127. Appellants' failure to appear at the "union" trial and attempt to mitigate their fines can only be faulted against themselves.

**{¶22}** The trial court found appellants violated Sections 1(e) and 1(m) of Article 17 (Misconduct and Penalties) of the Union's Constitution which state the following:

**{¶23}** "SEC. 1(e). Violating the established union collective bargaining agreements and rules and regulations of any local union relating to rates of pay, rules and working conditions.

**{¶24}** "SEC. 1(m). Engaging in any conduct which is detrimental to the best interests of this Association or any subordinate unit thereof or which will bring said unions into disrepute."

**{¶25}** In determining the fines levied against appellants, the trial court appears to have found two separate acts in violation of the union contract. However, the testimony establishes appellants committed only one act in violation of the contract: being rehired by Kiko as non-union employees. Sec. 1(m) of Article 17 is in effect the consequence of a Sec. 1(e) violation.

**{¶26}** Based upon the record, we find a $15,000.00 fine for committing a violation was appropriate for appellants Brewer, Howell, Jagger, and Anderson, but it was error to multiple the fine by two.

**{¶27}** As for appellant Sutton, it is clear from the testimony that he was the union steward and therefore his act was in fact more egregious than the other appellants. We find no error in fining appellant Sutton $20,000.00 for a violation. However, as with the other appellants, there was a sole act in violating Sec. 1(e) of Article 17 that resulted in the consequence of Sec. 1(m). Therefore, the fine should be limited to one $20,000.00 fine.

**{¶28}** The sole assignment of error is granted in part.

{¶29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part. Pursuant to App.R. 12(B), we hereby enter judgment in favor of appellee in the amount of $15,000.00 as against appellants Brewer, Howell, Jagger, and Anderson each, and $20,000.00 as against appellant Sutton.

By Farmer, J.

Hoffman, J. concur and

Delaney, P.J. dissents.

s / Sheila G. Farmer_____

s / William B. Hoffman_____

_____

JUDGES

SGF/sg 705

*Delaney, P.J., dissenting*

{¶30}  I respectfully dissent from the majority opinion for two reasons.

{¶31}  First, the opinion is premised upon a position not raised by appellants in this appeal nor the prior appeal.  Second, although the fine may appear harsh, the conduct of appellants resulted in separate violations and distinct harm to appellee.

{¶32}  I would overrule the assignment of error and affirm the trial court's decision as it is supported by the record.

_____
JUDGE PATRICIA A. DELANEY

[Cite as *Sheet Metal Workers Local Union No. 33 v. Sutton*, 2012-Ohio-3549.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL UNION NO. 33 | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS F. SUTTON, JR., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2011CA00262 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part. Pursuant to App.R. 12(B), we enter judgment in favor of appellee in the amount of $15,000.00 as against appellants Brewer, Howell, Jagger, and Anderson each, and $20,000.00 as against appellant Sutton. Costs to appellants.

s / Sheila G. Farmer_____

s / William B. Hoffman_____

_____

JUDGES