[Cite as *State ex rel. Dunlap v. Smith*, 2012-Ohio-4239.]

COURT OF APPEALS
FAIRFIELD  COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL., SCOTT DUNLAP | : | JUDGES: |
| | : | |
| | : | Hon.  Patricia A. Delaney, P.J. |
| Relator | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11-CA-60 |
| CHRIS SMITH AND ROCHELLE MENNINGEN | : | |
| | : | |
| | : | |
| Respondents | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Petition For Writ of Mandamus


JUDGMENT:                                        WRIT DENIED

DATE OF JUDGMENT ENTRY:          September 12, 2012


APPEARANCES:

For Relator:                                        For Respondents:

WESLEY T. FORTUNE                        PAUL MICHAEL LAFAYETTE
Fortune & Associates, LLC                 Poling/Petrello
421 Hill Road North                            300 East Broad St. Suite 350
Pickerington, Ohio  43147                   Columbus, Ohio  43215
                                                           And
                                                           WILLIAM L. LOVELAND
                                                           Loveland & Brosius, LLC
                                                           50 West Broad St. Suite 3300
                                                           Columbus, Ohio  43215

*Delaney, J.*

{¶1} Relator, Scott Dunlap, has filed a complaint for writ of mandamus requesting this Court issue a writ ordering Respondents to produce certain legal billing invoices. The named respondents are Chris Smith, the Violet Township Fiscal Officer and Rochelle Menningen, Violet Township Fiscal Assistant. The Respondents will collectively be referred to as "Violet Township." Respondents have filed an Answer as well as a Motion for Summary Judgment.

{¶2} On May 18, 2011, Relator submitted a public records request for "any and all invoices from Loveland & Brosius LLC from October 1, 2010 through May 17, 2011 and copies of the office appointment calendars of Bill Yaple and Kelly Sarko for the same time period." On May 27, 2011, Relator was given unredacted copies of the calendars and redacted copies of the invoices. Respondents advised Relator that the redacted portions of the invoices were protected by the attorney/client privilege.

{¶3} A second public records request was made on October 17, 2011. Relator requested records "regarding the meeting held at Violet Township Trustee Terry Dunlap's personal residence on November 17, 2010 . . . I am requesting copies of any and all agendas, meeting notes/minutes (both hand written and those recorded via a word processing program), from all parties in attendance, and the stated purpose of the meeting. I am also requesting a copy of the detail of this meeting from Violet Township attorney: Loveland & Brosius, LLC."

{¶4} On November 9, 2011, Respondents again advised Relator that the invoices were protected by the attorney/client privilege. On November 18, 2011,

Respondents advised Relator that no records existed relative to the remainder of the October 17, 2011 request with the exception of notes taken by Attorney William Loveland which were also protected by the attorney/client privilege.

## SUMMARY JUDGMENT STANDARD

{¶5}     The Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996–Ohio–211 explained the standard for summary judgment: "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511 (1994), citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977)."

## MANDAMUS

{¶6}     " 'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903 ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006–Ohio–1825 ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008–

Ohio–4788 ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009–Ohio–4762 at ¶ 13.

{¶7}  The Supreme Court recently addressed a nearly identical public records mandamus claim where attorney billing invoices were sought from a school board.  The Supreme Court held, "The withheld records are either covered by the attorney-client privilege or so inextricably intertwined with the privileged materials as to also be exempt from disclosure. Therefore, the school district properly responded to [the Relator's] request for itemized invoices of law firms providing legal services to the district in matters involving [Relator] and her children by providing her with summaries of the invoices including the attorney's name, the fee total, and the general matter involved. No further access to the detailed narratives contained in the itemized billing statements was warranted."  *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 16, 2011-Ohio-6009.

{¶8}  Upon review of the record, Respondents in this case provided exactly the same information as approved by the Supreme Court.

{¶9}  Relator suggests Respondents are not entitled to invoke the attorney/client privilege because the legal work performed was unlawful.  Further, Relator appears to suggest the privilege does not apply due to a lack of good faith and fraud.  Relator has provided no evidence of lack of good faith or fraud.  Nor has Relator provided any evidence that the legal work performed by counsel for Respondents was unlawful.  Relator does not even make an argument based upon any known facts of the existence of fraud, lack of good faith or unlawfulness.  Rather, Relator merely states the

existence of these would negate the attorney/client privilege. Relator's arguments are devoid of any merit.

{¶10} Relator argues there is no evidence that Respondent Violet Township has invoked the attorney/client privilege. This argument is also meritless. The Township very clearly invoked the attorney/client privilege through their counsel by virtue of numerous letters on behalf of the Township in response to the public records requests.

{¶11} Relator also argues the records he received in response to his request were non-responsive to the request because the records he received did not contain stamps, notations, and initials. Relator asks us to compare the records he received with sample duplicate copies which are identical in content with the exception that the duplicates contain stamps, notations, and initials which appear to be ministerial notations from the accounts payable department. Relator requested copies of the invoices not copies of the accounts payable records. Relator received the exact items he requested.

{¶12} Finally, Relator in a supplemental pleading in reply to the motion for summary judgment attaches an email wherein he states he has received an unredacted copy of an invoice from a "confidential source." Because he received an unredacted copy of one of the invoices, Relator argues Respondents have waived the attorney/client privilege. Relator offers no evidence that the unredacted invoice was received from Violet Township. Rather, Relator simply states that the invoice was received from a "confidential source." There is no evidence that the confidential source has the ability to waive the attorney/client privilege on the part of Violet Township. In fact, when the Township learned that the unredacted invoice was in Relator's

possession, Respondents requested that the record and all copies be given to Respondents. There is absolutely no evidence that Violet Township knowingly provided the document in its unredacted form. There is no evidence that Violet Township waived the attorney/client privilege. To the contrary, the evidence demonstrates that Violet Township repeatedly invoked the privilege and has attempted to protect all records covered by that privilege.

{¶13} For these reasons and based upon the Supreme Court's holding in *Dawson*, we deny the requested writ of mandamus.

PETITION FOR WRIT DENIED.

COSTS TO RELATOR.


By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE

[Cite as *State ex rel. Dunlap v. Smith*, 2012-Ohio-4239.]

IN THE COURT OF APPEALS FOR FAIRFIELD  COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL.,
SCOTT DUNLAP                              :
                                          :
            Relator                       :
                                          :
-vs-                                      :      JUDGMENT ENTRY
                                          :
CHRIS SMITH AND ROCHELLE                  :
MENNINGEN                                 :
                                          :      Case No. 11-CA-60
            Respondents                   :


        For the reasons stated in the Memorandum-Opinion on file, Relator's

Petition for Writ of Mandamus is hereby denied.  Costs taxed to Relator.


                                    _____
                                    HON. PATRICIA A. DELANEY


                                    _____
                                    HON. SHEILA G. FARMER


                                    _____
                                    HON. JOHN W. WISE