THE STATE EX REL. DUNLAP *v.* SARKO ET AL.

[Cite as *State ex rel. Dunlap v. Sarko,* **135 Ohio St.3d 171, 2013-Ohio-67.**]

*Mandamus—Jurisdictional-priority rule—Under the jurisdictional-priority rule we lack jurisdiction to resolve relator's mandamus claim—Cause dismissed.*

(No. 2012-0369—Submitted January 9, 2013—Decided January 16, 2013.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** This is an original action in which relator, Scott Dunlap, requests a writ of mandamus against respondents, Violet Township Zoning Inspector Kelly Sarko, Violet Township Director of Operations William Yaple, Violet Township Fiscal Officer Chris Smith, Violet Township Trustees Terry Dunlap Sr., Harry Myers Jr., and Gary Weltlich, Violet Township Fire Department Office Manager Kristi Huskey, and attorney William L. Loveland. He requests the writ to compel respondents to (1) make certain requested records available for inspection and copying without further delay, (2) prepare, file, and maintain full and accurate records of proceedings, accounts, and transactions of the board of township trustees and to conduct all meetings in public, except for properly called executive sessions, (3) execute and uphold their affirmative statutory duties, and (4) comply with the prohibition against the destruction and damage of records. He also requests that he be awarded costs, including reasonable attorney fees.

### Analysis

#### *Scope of Argument*

**{¶ 2}** Relator's filings, including his amended complaint, evidence, and briefs, border on the incomprehensible. Relator's numerous public-records requests apparently stemmed from his unsuccessful application for zoning

variances and his complaint to the township concerning Violet Township Trustee Terry Dunlap Sr.'s use of his property, which is near relator's property, for shooting firearms and for concealed-weapons-permit training. But relator's filings are unclear. For example, although he specifies eight propositions of law in the table of contents of his merit brief, he includes an argument on only the first of these eight propositions. Relator also includes a heading labeled "conclusion" at the end of his brief, but he does not include any accompanying text.

{¶ 3} We will not address the propositions and claims for which relator does not present any argument. *See State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 26 (court will not address public-records claim in mandamus case when relator did not include an argument related to that claim in his merit brief); *State ex rel. Ohio Gen. Assembly v. Brunner*, 114 Ohio St.3d 386, 2007-Ohio-3780, 872 N.E.2d 912, ¶ 26, fn. 4 (court need not address claim for writ of mandamus that was raised in complaint but was not specifically argued in merit brief).

{¶ 4} Instead, in his merit brief, relator expressly restricts the scope of this mandamus action to his May 18 and October 17, 2011 public-records requests: "At issue in this case, are the Relator's May 18 and October 17, 2011 public records requests." In his May 18, 2011 request sent by certified mail to Violet Township Fiscal Assistant Rochelle Menningen, relator requested "copies of any and all invoices from Loveland & Brosius LLC from October 1, 2010 through May 17, 2011 and copies of the office appointment calendars of Bill Yaple and Kelly Sarko for the same time period." In his October 17, 2011 request, which was also addressed to Menningen, relator requested "copies of any and all agendas, meeting notes/minutes (both hand written and those recorded via a word processing program), from all parties in attendance, and the stated purpose of the meeting" for a meeting held at Violet Township Trustee Terry Dunlap Sr.'s residence and attended by township attorney Loveland, Township Zoning

2

Inspector Sarko, and Township Director of Operations Yaple. In the request, relator also requested a copy of the "detailed invoice of this meeting from Violet Township attorney: Loveland Brosius, LLC."

{¶ 5} Consequently, we consider relator's claim in the limited context of these requests.

*Prior Mandamus Cases*

{¶ 6} On November 18, 2011, relator filed an action in the Court of Appeals for Fairfield County for a writ of mandamus to compel Violet Township Fiscal Officer Smith and his assistant, Menningen, to provide him with copies of the records requested by him in his May 18 and October 17, 2011 records requests. On September 12, 2012, the court of appeals denied the writ based on its holding that the township officials had provided relator with the requested records and that the redacted portions of the attorney billing invoices were protected by attorney-client privilege. *State ex rel. Dunlap v. Smith*, 5th Dist. No. 11-CA-60, 2012-Ohio-4239.

{¶ 7} On February 21, 2012, relator filed a second mandamus action in the Court of Appeals for Fairfield County, this time naming the Violet Township Board of Trustees, Violet Township Fiscal Officer Smith, and the individual township trustees as respondents. In their motion to remand in the present case, respondents noted that relator's second court of appeals case requests relief similar to that requested here. As of the date that briefing was completed in the mandamus case before this court, relator's second court of appeals mandamus case remained pending.

*Jurisdictional-Priority Rule*

{¶ 8} "Under Section 2(B)(1)(b), Article IV of the Ohio Constitution, the Supreme Court of Ohio has original jurisdiction in mandamus actions * * *." *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.*, 90 Ohio St.3d 55, 59, 734 N.E.2d 811 (2000); *see also* R.C. 2731.02 ("The writ of mandamus may be

allowed by the supreme court, the court of appeals, or the court of common pleas
* * *").

{¶ 9} Under the jurisdictional-priority rule, however, " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54, 56, 476 N.E.2d 1060 (1985), quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus.

{¶ 10} To be sure, it is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." *See State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987).

{¶ 11} Nevertheless, we have also recognized that the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same "whole issue." *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 29; *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 117, 647 N.E.2d 807 (1995).

{¶ 12} Here, relator instituted multiple public-records mandamus actions in multiple courts—the court of appeals and this court—against essentially the same parties—Violet Township officials and the township entity responsible for responding to his May 18 and October 17, 2011 records requests. These duplicative mandamus cases manifestly present part of the same "whole issue." Relators should not be permitted to file concurrent mandamus actions in multiple courts to obtain the extraordinary relief they could obtain in a single mandamus action in one court. This is exactly the type of behavior that the jurisdictional-

priority rule was intended to prohibit so as to promote judicial economy and to avoid inconsistent results.

{¶ 13} Therefore, based on the jurisdictional-priority rule, relator's previously filed court of appeals mandamus cases prevent this court from exercising original jurisdiction in mandamus over relator's claims here. And although respondents do not raise this contention, it is axiomatic that "[s]ubject-matter jurisdiction cannot be waived and is properly raised by this court sua sponte." *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 11.

*Pending Motions*

{¶ 14} We deny relator's pending motions to supplement the record and to submit additional evidence, for the issuance of peremptory or other writs, for leave to file a second amended complaint, and to file a supplemental merit brief. Justice does not require our giving relator an opportunity to raise additional claims in a case that should never have been instituted here once he chose the Fifth District Court of Appeals to initially raise claims based on the same issue.

{¶ 15} We also deny relator's motion requesting oral argument, because the parties' briefs are sufficient for the court to resolve this case.

**Conclusion**

{¶ 16} Because under the jurisdictional-priority rule we lack jurisdiction to resolve relator's mandamus claim, the cause is dismissed.

Cause dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Fortune Law Limited and Wesley T. Fortune, for relator.

Poling Law, Paul-Michael La Fayette, and Doug Holthus, for respondents.

_____