[Cite as *Deutsche Bank Natl. Trust Co. v. Edington*, 2014-Ohio-1769.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | : | |
| AS TRUSTEE FOR SOUNDVIEW HOME LOAN | : | Case No. 13CA3534 |
| TRUST ASSET-BACKED CERTIFICATES, | : | |
| SERIES 2006-2, | : | |
| Plaintiff-Appellant, | : | |
| v. | | DECISION AND |
| | : | JUDGMENT ENTRY |
| MARK EDINGTON, ET AL., | | |
| | : | |
| Defendants-Appellees. | | **RELEASED: 04/24/14** |

_____

APPEARANCES:

Scott A. King and John B. Kopf III, Thompson Hine, LLP, Columbus, Ohio, for appellants.

Mark J. Cardosi, Southeastern Ohio Legal Services, Portsmouth, Ohio, for appellees.

_____

Harsha, J.

{¶1}   Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint seeking foreclosure of a mortgage on real property owned by appellants, Mark and Tonya Edington. In its complaint, the bank alleged it was the holder of a note that was secured by the mortgage and attached an unindorsed copy of the note and mortgage naming Centex Home Equity Company, LLC ("Centex") as the lender and mortgagee. The Edingtons' answer contended the bank was not the real party in interest and lacked standing to bring the action. The parties subsequently moved for

summary judgment, and Deutsche Bank's evidence included a copy of an allonge[1]

attached to the note indorsed in blank by Centex before the bank filed the foreclosure

action.  The trial court granted the Edingtons' motion for summary judgment and

dismissed the case because it determined that Deutsche Bank "did not have standing to

file the present action and this Court lacks jurisdiction to decide this dispute."  The court

apparently reached its conclusion on the belief that the formal assignment of the

mortgage to the bank did not occur until after the case commenced.

{¶2}    Deutsche Bank argues in its sole assignment of error that the trial court

erred in granting summary judgment in favor of the Edingtons.  After we inquired at oral

argument about our jurisdiction to address the merits, the Edingtons filed a motion to

dismiss the appeal and the bank filed a memorandum in opposition.  Upon review we

conclude the trial court's entry is not a final, appealable order.  Because we lack

jurisdiction to address the merits of the bank's appeal, we must dismiss it.

## I.  FACTS

{¶3}    On November 4, 2005, Mark Edington executed and delivered a

promissory note to pay $49,500 plus interest to Centex for money that Centex had lent

him.  On that same date, the Edingtons executed a mortgage on property they owned in

Scioto County in favor of Centex to secure the payment of the note.  Subsequently, in

either November 2005 or 2009, Centex indorsed the note in blank in an allonge.[2]

---

[1] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Black's Law Dictionary* 83 (8th Ed.2004).
[2] The handwritten date of Centex's blank indorsement on the allonge could fairly be read as either "11-22-09" or "11-22-05."

{¶4}   After Mark Edington defaulted on the note, Deutsche Bank accelerated the payments pursuant to the terms of the loan, making the entire balance due.  In August 2011, Deustche Bank filed a complaint in the Scioto County Court of Common Pleas seeking a judgment against Mark Edington for the amount due plus interest on the note, and the foreclosure of the Edingtons' mortgage.  In its complaint, the bank alleged that it was the holder of the note and attached an unindorsed copy of the note and mortgage. The bank's complaint also named additional defendants who may claim an interest in the Edingtons' mortgaged property.

{¶5}   The Edingtons filed an answer in which they claimed that Deutsche Bank was not a real party in interest and lacked standing.  They subsequently filed a motion for summary judgment in which they argued that the bank lacked standing because the note and mortgage attached to the complaint and provided in response to discovery did not provide any evidence that the bank held the note or the mortgage.

{¶6}   Deutsche Bank filed a motion for summary judgment in which it attached an affidavit of Jessibel Mojica, the Vice President of Loan Documentation for Wells Fargo Bank, N.A., the servicing agent for Deutsche Bank.  In her affidavit, Mojica stated that Deutsche Bank was the holder of the Edingtons' note and mortgage, and she attached a copy of the note to her affidavit, which included the allonge that showed Centex's indorsement of the note in blank.  Deutsche Bank later filed a notice that in January 2012, i.e., after its foreclosure case had commenced, Centex's successor had formally assigned the Edingtons' mortgage to Deutsche Bank.

{¶7}   The trial court granted the Edingtons' motion for summary judgment and dismissed the case.  The trial court determined that based on the Supreme Court of

Ohio's October 2012 decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the subsequent formal assignment of the mortgage to Deutsche Bank did not confer standing upon it to file the foreclosure action. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶8} Deutsche Bank assigns the following error for our review:

> The Trial Court erred by granting the Edingtons' Motion for Summary Judgment.

## III. LAW AND ANALYSIS

### No Final, Appealable Order

{¶9} The bank's assignment of error challenges the trial court's decision granting the Edingtons' motion for summary judgment. Before addressing the merits of the assigned error, we must determine whether this appeal is properly before us. Although the parties did not suggest that this court lacks jurisdiction in their merit briefs, "litigants cannot vest a court with subject-matter jurisdiction by agreement"; subject-matter jurisdiction is properly raised by an appellate court sua sponte. *See Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 22; *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 13. After we raised this issue at oral argument, the Edingtons filed a motion to dismiss this appeal.

{¶10} Courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2). "R.C. 2505.03(A) limits the appellate jurisdiction of courts of appeals to the

review of final orders, judgments, or decrees." *See State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 44. R.C. 2505.02(B) defines final orders, and under the applicable part here, an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

**{¶11}** The trial court's entry dismissed the case for lack of standing based on *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, but did not specify whether the dismissal was with or without prejudice. In *Schwawrtzwald* at ¶ 40, citing *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 51, the Supreme Court of Ohio held that a dismissal of a foreclosure action based on lack of standing "is not an adjudication on the merits and is therefore without prejudice." It is generally true that under Civ.R. 41(B)(3), when a trial court dismisses a complaint, but the entry is silent about whether the dismissal is with or without prejudice, the dismissal is with prejudice. *See Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 12. But, when precedent dictates that the dismissal is without prejudice, we must follow that precedent. Based on *Schwartzwald* the trial court's dismissal of the bank's foreclosure complaint for lack of standing was without prejudice.

**{¶12}** "Ordinarily, a dismissal 'other than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA At Your Service, Inc.*, 114 Ohio St.3d 82,

2007-Ohio-2942, 868 N.E.2d 663, ¶ 8.  A dismissal without prejudice divests the court of jurisdiction over the case, and the action is treated as if it had never been instituted, which means that the action neither affects a substantial right nor determines the action. *See generally Dill v. Athens*, 4th Dist. Athens No. 12CA30, 2013-Ohio-5888, ¶ 8-9, and cases cited therein; *see also State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17 (dismissal without prejudice terminates further action on the merits).

**{¶13}** More specifically, courts have held that the dismissal without prejudice of a foreclosure action is not a final, appealable order.  *See, e.g., Lakeview Holding (OH), L.L.C. v. DeBerry*, 8th Dist. Cuyahoga No. 99033, 2013-Ohio-1457, ¶ 9-10; *Chase Home Finance, LLC v. Literski*, 1st Dist. Hamilton Nos. C-130404 and C-130433, 2014-Ohio-615, ¶ 23.

**{¶14}** Deutsche Bank claims that based on *Natl. City*, the trial court's ruling constituted a final, appealable order because it "conclusively decided (incorrectly) the merits of whether Deutsche Bank could enforce the note and mortgage in the proceeding, and it disposed of the case, leaving nothing further for the Trial Court's determination."  In *Natl. City*, the Supreme Court of Ohio held that a trial court's dismissal of a case based on lack of personal jurisdiction over the defendants constituted a final, appealable order even though the dismissal was "otherwise than on the merits" because the plaintiff was prevented from refiling the case against the same defendants.  *Id.* at ¶ 8.

**{¶15}** However, *Natl. City* is inapplicable here because Deutsche Bank is not precluded from refiling its foreclosure action against the Edingtons.  As the bank

specifically notes in its appellate brief, the trial court "had not solicited briefing or argument from the parties about the application of the intervening *Schwartzwald* decision." Therefore, as the bank argues in its memorandum in opposition to the Edingtons' motion to dismiss this appeal, the trial court has not yet "analyz[ed] whether Deutsche Bank had standing by possession of the blank-endorsed promissory note." Consequently, the trial court has not fully resolved the issue of standing against the bank, and the bank is free in any refiled action to raise its arguments that *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, does not apply. That is, the trial court has not yet "conclusively decided" the issue of the bank's standing because it has not considered the arguments that the bank now raises.

{¶16} In addition, the bank's reliance on *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, is similarly misplaced. In that case, the trial court's judgment dismissing a bank's foreclosure action for lack of standing "effectively preclude[d] U.S. Bank from refiling its complaint and constitute[d] a final and appealable order reviewable on appeal" because the trial court had "already [erroneously] determined that U.S. Bank cannot refile its complaint unless it avers and demonstrates that U.S. Bank is both the holder and owner of the note." *Id.* at ¶ 10. Conversely, the trial court here has not considered Deutsche Bank's argument that its potential status as the holder of the note gave it the requisite standing to initiate the foreclosure action. Therefore, the trial court's entry dismissing the bank's foreclosure action for lack of standing based on *Schwartzwald* is not a final, appealable order, and we lack jurisdiction to consider the merits of this appeal.

## V.  CONCLUSION

{¶17}  Because we lack jurisdiction, we grant the Edingtons' motion and dismiss the appeal.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
       William H. Harsha, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**