[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Consortium for Economic & Community Dev. For Hough Ward 7 v. Russo,* Slip Opinion No. 2017-Ohio-8133.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8133

THE STATE OF OHIO EX REL. CONSORTIUM FOR ECONOMIC AND COMMUNITY DEVELOPMENT FOR HOUGH WARD 7, APPELLANT, *v*. RUSSO,[1] JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Consortium for Economic & Community Dev. For Hough Ward 7 v. Russo,* Slip Opinion No. 2017-Ohio-8133.]**

*Prohibition—Jurisdictional-priority rule—The jurisdictional-priority rule has no applicability when the cases are pending in the same court—Court of appeals' denial of writ affirmed.*

(No. 2016-1183—Submitted June 6, 2017—Decided October 11, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 103657, 2016-Ohio-4704.

_____

[1] Judge Richard McMonagle presided over one of the underlying matters until November 8, 2016, which was after the appeal to this court was filed. Appellee, Judge John Russo, was then assigned to the case. Thus, under S.Ct.Prac.R. 4.06(B), Judge Russo is automatically substituted as a party to this action.

**Per Curiam.**

{¶ 1} Appellant, Consortium for Economic and Community Development for Hough Ward 7 ("Consortium"), filed a complaint in the Eighth District Court of Appeals for a writ of prohibition against Cuyahoga County Common Pleas Court Judge Richard McMonagle. The court of appeals denied the writ. We affirm.

*Background*

{¶ 2} Consortium made the following factual allegations in its complaint, which Judge McMonagle did not dispute.

{¶ 3} Consortium owns real property identified as PPN 119-05-006 ("the parcel") in Cuyahoga County. The parcel is adjacent to property owned by the Oak Leadership Institute.

{¶ 4} On August 30, 2013, Oak Leadership filed an action in Cuyahoga County Common Pleas Court to quiet title to the parcel. Cuyahoga C.P. case No. CV-13-813027 ("the quiet-title lawsuit"). Judge McMonagle was assigned to preside over the quiet-title lawsuit. On December 12, 2013, a tax-foreclosure suit relating to the parcel was filed in Cuyahoga County Common Pleas Court. Cuyahoga C.P. case No. CV-13-818759 ("the foreclosure lawsuit").

{¶ 5} The issue in this case is the proper application of the jurisdictional-priority rule. Consortium sought a writ of prohibition against Judge McMonagle under the theory that even though the quiet-title lawsuit was filed first, the foreclosure lawsuit had jurisdictional priority because it was first to perfect service of process over *all* the interested parties. The parties filed cross-motions for summary judgment.

{¶ 6} The court of appeals granted summary judgment in favor of Judge McMonagle and denied the writ. The court held that the jurisdictional-priority rule does not apply to cases filed in the same division of the same court. 2016-Ohio-4704, 68 N.E.2d 125, ¶ 18. In the alternative, the court rejected Consortium's theory of jurisdictional priority and held that whichever case was first to perfect

service over any *one* defendant had priority over the other. *Id*. at ¶ 20. Consortium timely appealed.

*Analysis*

**{¶ 7}** There are three elements necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, a petitioner need not establish the third prong, the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

**{¶ 8}** The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties. *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 9. When it applies, the judge in the second case patently and unambiguously lacks jurisdiction *by operation of the rule*, and therefore, prohibition is an available remedy. *See State ex rel. Lee v. Trumbull Cty. Probate Ct.*, 83 Ohio St.3d 369, 374, 700 N.E.2d 4 (1998).

**{¶ 9}** Before today, we have not expressly decided whether the rule can apply to two cases pending in the *same* court. Intermediate courts of appeals have consistently held that "the jurisdictional priority rule contemplates cases pending in two different courts of concurrent jurisdiction—not two cases filed in the same court." *Fenner v. Kinney*, 10th Dist. Franklin No. 02AP-749, 2003-Ohio-989, ¶ 14 (holding that the jurisdictional-priority rule does not apply to two actions pending

in the Franklin County Municipal Court).[2]    In its first proposition of law, Consortium urges us to reject a same-jurisdiction exception to the rule.

**{¶ 10}** The jurisdictional-priority rule exists to promote judicial economy and avoid inconsistent results. *Sarko* at ¶ 12.  But if two actions are pending in the same court before different judges, the parties have a method for vindicating those interests that is not available when the cases are filed in different courts—a motion for consolidation.  Therefore, the appellate courts have been correct to recognize that the rule has no applicability when the cases are pending in the same court.

**{¶ 11}** Consortium responds by citing our decision in *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243.  At issue in *Vanni* were two actions filed in the Cuyahoga County Court of Common Pleas.  The appellate court refused to grant a writ of prohibition on the ground that the parties in the two cases were not the same and therefore the jurisdictional-priority rule was not applicable.  On appeal, we affirmed, but for a different reason.  We held that the jurisdictional-priority rule requires that both actions be currently pending, but in *Vanni*, a final judgment had been entered in the first action before the second action was filed.  *Id*. at ¶ 8-11.

**{¶ 12}** The underlying cases in *Vanni* were filed in the same court, and that might have been a basis for our decision, but we did not address that issue. Consortium attaches undue significance to that choice.  Because there was sufficient reason to deny the writ—one of the cases was not, in fact, pending—there

---

[2] *See also ProMedica Fed. Credit Union v. Wardrop*, 6th Dist. Lucas No. L-13-1075, 2014-Ohio-965, ¶ 15 (jurisdictional-priority rule does not apply to two cases pending in the same court of common pleas); *Third Fed. Sav. Bank v. Cox*, 8th Dist. Cuyahoga No. 93950, 2010-Ohio-4133, ¶ 11 (same); *Jarvis v. Wells Fargo Bank, N.A.*, 7th Dist. Columbiana No. 09 CO 6, 2010-Ohio-3283, ¶ 16 (same); *State ex rel. Republic Servs. of Ohio II, L.L.C. v. Pike Twp. Bd. of Trustees*, 5th Dist. Stark Nos. 2006 CA 00153 and 2006 CA 00172, 2007-Ohio-2086, ¶ 47 (same).

was simply no reason to discuss additional bases for rejecting the petition. *Vanni* certainly cannot be read as a *rejection* of the "same jurisdiction" exception.

{¶ 13} Given our resolution of Consortium's first proposition of law, we find it unnecessary to address the remaining arguments of the parties.

{¶ 14} Because we hold that the jurisdictional-priority rule has no applicability when the cases are pending in the same court, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Singerman, Mills, Desberg & Kauntz Co., L.P.A., and Christopher O'Connell, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____