[Cite as *Gilcrest v. Gilcrest*, 2022-Ohio-3640.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| LAURA GILCREST | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROGER GILCREST, ET AL. | : | Case No. 22 CAE 03 0019 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 20 CV 0071


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      October 12, 2022


APPEARANCES:

For Plaintiff-Appellant

ADAM FRIED
ADRIENNE MCGEE
MARY KRAFT
200 Civic Center Drive
Suite 800

For Defendants-Appellees

JOSEPH C. PICKENS
Two Miranova Place
Suite 700
Columbus, OH  43215

Columbus, OH 43215
*Wise, Earle, P.J.*

{¶ 1} Plaintiff-Appellant, Laura Gilcrest, appeals the July 17, 2020, February 1, 2021, and February 14, 2022 judgment entries of the Court of Common Pleas of Delaware County, Ohio, dismissing her claims and awarding attorney fees and costs to Defendants-Appellees, Roger Gilcrest and P. Gilcrest, LLC.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2004, Philip and Irene Gilcrest created PN Gilcrest Limited Partnership, an Ohio family limited partnership. Appellant-Laura and appellee-Roger are Philip and Irene's children.

{¶ 3} The partnership has one general partner, appellee-P. Gilcrest LLC, of which Roger is the sole managing member. Appellant is a limited partner, along with other limited partners.

{¶ 4} Irene and then Philip both passed away in 2017. Roger opened probate of Philip's estate in Summit County Probate Court. Assets were distributed to appellant. After the discovery of additional bank accounts, the estate was re-opened to distribute those funds. Appellant filed a notice of objection. The probate action is still pending.

{¶ 5} On September 6, 2019, appellant filed a complaint against appellees in Franklin County, Ohio, to discover and determine the extent to which Roger improperly managed, distributed, and/or disposed of partnership assets. On October 9, 2019, appellees filed a motion to dismiss or transfer venue. The motion to transfer venue was granted and the case was transferred to Delaware County on February 12, 2020.

{¶ 6} Appellant's complaint raised thirteen causes of action, the first five being derivative claims against the partnership and the remaining claims against Roger

individually: accounting (Count I), injunction (Count II), breach of statutory duty of care (Count III), breach of fiduciary duty (Count IV), breach of contract (Count V), breach of fiduciary duties (Count VI), breach of trust (Count VII), breach of fiduciary duty by trustee (Count VIII), accounting (Count IX), tortious interference with expected inheritance (Count X), complaint for money damages (Count XI), unjust enrichment (Count XII), and disgorgement of excessive fees (Count XIII).

{¶ 7} On March 11, 2020, appellees filed their answer and a counterclaim, alleging declaratory judgment and abuse of process.

{¶ 8} Also on March 11, 2020, appellees filed a motion to dismiss Counts VI through XIII of the complaint, arguing Delaware County lacked jurisdiction because the claims relating to trust, estate, and inheritance issues were subject to the exclusive jurisdiction of the pending action in Summit County Probate Court. Appellees also filed a motion for attorney fees on the transfer of venue to Delaware County. By judgment entry filed July 17, 2020, the trial court granted the motions and dismissed Counts VI through XIII of the complaint, finding the Summit County Probate Court had exclusive and/or priority jurisdiction over the claims. The trial court ordered appellees to submit evidence as to the requested attorney fees and costs.

{¶ 9} On December 11, 2020, appellees filed a motion to dismiss Counts I, III, IV, and V, arguing the complaint failed to meet the requirements for derivative claims under R.C. 1782.58 and Civ.R. 23.1 (failure to plead with particularity any demands made or why any demands would have been futile, and failure to allege how she adequately and fairly represented the interests of other limited partners). By judgment entry filed February 1, 2021, the trial court agreed and dismissed the counts.

{¶ 10} On September 29, 2021, the partnership's general partner, P. Gilcrest LLC, filed a motion for summary judgment on the sole remaining claim, Count II (an accounting). By judgment entry filed November 16, 2021, the trial court granted the motion, finding the LLC provided and/or made available for inspection all available requested materials.

{¶ 11} On January 14, 2022, appellees dismissed their counterclaims without prejudice.

{¶ 12} By judgment entry filed February 14, 2022, the trial court awarded appellees as against appellant $10,851.65 for attorney fees and costs associated with the transfer of venue.

{¶ 13} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 14} "THE TRIAL COURT ERRED BY HOLDING APPELLANT LAURA GILCREST'S COMPLAINT FAILED TO ALLEGE SUFFICIENT FACTS DEMONSTRATING THAT A PRE-SUIT DEMAND WOULD HAVE BEEN FUTILE."

II

{¶ 15} "THE TRIAL COURT INCORRECTLY DETERMINED APPELLANT LAURA GILCREST FAILED TO ADEQUATELY PLEAD HER ABILITY TO REPRESENT THE INTERESTS OF SIMILARLY SITUATED LIMITED PARTNERS."

III

{¶ 16} "THE TRIAL COURT INCORRECTLY DETERMINED THAT THE SUMMIT COUNTY PROBATE COURT HAD EXCLUSIVE AND/OR PRIORITY JURISDICTION

OVER COUNTS XII AND XIII OF APPELLANT LAURA GILCREST'S COMPLAINT RELATED TO APPELLEE ROGER GILCREST AND APPELLEE P. GILCREST LLC."

IV

{¶ 17} "THE TRIAL COURT ERRED IN AWARDING APPELLEES COSTS AND FEES RELATED TO THE TRANSFER OF VENUE, BECAUSE APPELLANT LAURA GILCREST WAS NOT DELIBERATE OR HEEDLESS IN INITIALLY FILING HER COMPLAINT IN FRANKLIN COUNTY."

I, II

{¶ 18} In her first assignment of error, appellant claims the trial court erred in finding her complaint failed to allege sufficient facts demonstrating that a pre-suit demand would have been futile.

{¶ 19} In her second assignment of error, appellant claims the trial court erred in finding her complaint failed to adequately plead her ability to represent the interests of similarly situated limited partners.

{¶ 20} Specifically, appellant claims the trial court erred in dismissing Counts I, III, IV, and V (judgment entry filed February 1, 2021). We disagree.

{¶ 21} Appellees filed a motion to dismiss Counts I, III, IV, and V pursuant to Civ.R. 12(B)(1) (lack of jurisdiction over the subject matter) and (6) (failure to state a claim upon which relief can be granted). In reviewing a motion to dismiss under Civ.R. 12, a trial court is limited to a review of the four corners of the complaint; however, "[d]ocuments attached to or incorporated in the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160

Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.).  In considering the motion, a trial court "must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party."  *Valentine v. Cedar Fair, L.P.,* 6th Dist. Erie No. E-20-018, 2021-Ohio-2144, ¶ 22, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382.  In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶ 22} Our standard of review is de novo, and therefore this court "must review the issues independently of the trial court's decision." *Perrysburg Township v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44; *Mellion v. Akron City School District Board of Education,* Summit App. No. 23227, 2007-Ohio-242, ¶ 6.  "We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of [appellant]." *Habibi v. University of Toledo*, 10th Dist. Franklin No. 19AP-583, 2020-Ohio-766, ¶ 10.

{¶ 23} In their motion to dismiss, appellees argued appellant failed to meet the requirements for derivative claims under R.C. 1782.58 ("[i]n a derivative action brought pursuant to section 1782.56 of the Revised Code, the complaint shall set forth with particularity the effort of the plaintiff to secure initiation of the action by a general partner or the reasons for not making the effort"), and Civ.R. 23.1 which states the following in pertinent part:

In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation.

{¶ 24} "Specifically, complaining shareholders [under Civ.R. 23.1] must (1) spell out the efforts made to have the directors or the other shareholders take the action demanded, (2) explain why they failed in this effort or did not make it, and (3) show that they 'fairly and adequately' represent the interests of other shareholders 'similarly situated.' " *Weston v. Weston Paper & Manufacturing Co.,* 74 Ohio St.3d 377, 379, 658 N.E.2d 1058 (1996).

{¶ 25} In her opposition to appellees' motion, appellant argued paragraphs 42, 43, and 45 of her complaint fulfilled the necessary requirements:

42. Plaintiff made numerous requests to obtain documents and financial records relative to the Partnership.

43. Despite Plaintiff's attempts to obtain documents and records relative to the Partnership from the General Partner, as of the date of filing the instant action, Plaintiff has not received the necessary documents and records pursuant to the lawful requests.

45. Plaintiff will adequately and fairly represent the interests of the Partnership in enforcing and prosecuting its rights.

{¶ 26} Further, appellant argued any effort to demand action from the director/shareholders would have been futile. "Futility means that the directors' minds are closed to argument and that they cannot properly exercise their business judgment in determining whether the suit should be filed. It is not enough to show that the directors simply disagree with a shareholder about filing a suit." *Drage v. Proctor & Gamble,* 119 Ohio App.3d 19, 25, 694 N.E.2d 479 (1st Dist.1997). Appellant argued paragraph 47 of her complaint was sufficient to plead futility: "All conditions precedent to the bringing of this action have been performed, have been waived, have occurred or would be futile."

{¶ 27} In its February 1, 2021 judgment entry, the trial court reviewed the four pled claims and found the following:

The Court finds that Plaintiff has not pled with particularity when or how she requested information from the general partner, or that she did so on behalf of the partnership as required by R.C. 1782.56. Her complaint

also does not describe with particularity what documents or financial records she allegedly sought. Therefore, Plaintiff has not met the requirement that her complaint spell out her efforts to obtain the information she sought.

* * *

Based on the standard for pleading futility, the Court finds that Plaintiff's complaint does not sufficiently establish that further - or any - demands by Plaintiff would have been futile. Therefore, Plaintiff's complaint does not meet the requirement that she explain why further efforts were not undertaken.

* * *

Plaintiff's complaint does not identify the other limited partners, nor does it indicate that she consulted with them and/or determined whether they support her taking action on their behalf. Because Plaintiff was required to plead with specificity her ability to adequately represent the interests of the other limited partners, her complaint fails to meet this requirement of Civ.R. 23.1.

{¶ 28} In reviewing the complaint, we agree with the trial court's analysis. Appellant's complaint does not cite to any pre-suit demands or efforts she made to obtain the requested action, nor cite to reasons why such a demand would have been futile. Merely alleging futility is not enough to satisfy the requirement. Likewise, the general allegations of Roger's conduct pertaining to self-dealing and inappropriate asset

allocation do not satisfy the requirement. The complaint also does not identify any other limited partners and whether she consulted them. Appellant has not shown that she fairly and adequately represents the interests of other shareholders similarly situated in enforcing the rights of the corporation. Paragraphs 42, 43, 45, and 47 of the complaint are general and conclusory and are insufficient to meet the requirements of R.C. 1782.58 and Civ.R. 23.1.

{¶ 29} Upon review, we find the trial court did not err in dismissing Counts I, III, IV, and V of the complaint.

{¶ 30} Assignments of Error I and II are denied.

III

{¶ 31} In her third assignment of error, appellant claims the trial court erred in finding the Summit County Probate Court had exclusive and/or priority jurisdiction over some of her claims. Specifically, appellant claims the trial court erred in dismissing Counts XII and XIII (judgment entry filed July 17, 2020). We disagree.

{¶ 32} Appellees filed a motion to dismiss Counts VI through XIII of the complaint pursuant to Civ.R. 12(B)(1) (lack of jurisdiction over the subject matter). Appellees argued the counts relating to trust, estate, and inheritance issues were subject to the exclusive jurisdiction of the Summit County Probate Court under R.C. 2101.24(A), wherein an action was pending prior to the filing of the subject complaint.

{¶ 33} "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). We review

an appeal of a motion for dismissal under Civ.R. 12(B)(1) de novo.  *Moore v. Franklin County Children Services*, 10th Dist. Franklin No. 06AP-951, 2007-Ohio-4128, ¶ 15.

{¶ 34} The probate case was opened approximately seven months prior to the subject complaint.   Under the "jurisdictional-priority rule," "[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties."  *State, ex rel. Phillips v. Polcar,* 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus.

{¶ 35} In *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 10-11, the Supreme Court of Ohio explained:

> To be sure, it is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter."  *See State ex rel. Judson v. Spahr,* 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987).

> Nevertheless, we have also recognized that the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same "whole issue."  *State ex rel. Otten v. Henderson,* 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 29; *State ex rel. Sellers v. Gerken,* 72 Ohio St.3d 115, 117, 647 N.E.2d 807 (1995).

{¶ 36} Count XII of the subject complaint is a claim for unjust enrichment and states as follows:

110. Roger, through directing to himself assets properly distributable to Plaintiff, has been unjustly enriched by his conduct, including but not limited to making improper distributions, withdrawals, and/or transfers to himself and/or for his own benefit from the Trust, Limited Partnership and/or Estate assets.

{¶ 37} Claim XIII is a claim for disgorgement of excessive fees and states as follows:

112. Upon information and belief, Roger charged excessive executor fees, trustee fees and General Partner fees related to the Limited Partnership.

113. Upon information and belief, Roger further retained the services of an investment advisor for purposes unrelated to the needs of the Trusts and/or the Limited Partnership and paid excessive fees therefrom.

114. Roger Gilcrest and P Gilcrest Limited Liability Company should be made to account for all fees paid and return all said fees to the probate estate, trust estates of Philip and Irene Gilcrest and/or Limited Partnership until the reasonableness of said fees, and costs can be established.

{¶ 38} In its July 17, 2020 judgment entry, the trial court reviewed Counts VI through XIII and found the following:

Among the claims asserted in Laura's complaint are those for breach of trust, breach of fiduciary duty, and tortious interference with expected inheritance, all claims that mirror objections she raised in the probate case and that are subject to the exclusive jurisdiction of the probate court. Inasmuch as this Court would have concurrent jurisdiction over any of her claims under Counts VI through XIII, the jurisdictional priority rule requires this Court to dismiss them.

{¶ 39} In her appellate brief, appellant argues Counts XII and XIII relate to the partnership and are unrelated to the trusts and/or estates which are the subject of the probate case. Appellant acknowledges the unjust enrichment claim relates to Roger's "improper distributions, withdrawals, and/or transfers to himself and/or for his own benefit from the Trust, Estate, and/or *Limited Partnership*." (Emphasis sic.) Appellant's Brief at 12. For the disgorgement of excessive fees claim, appellant argues, "[w]hile Count XIII alleged that Roger charged excessive executor and trustee fees, this claim also asserted that Roger charged excessive General Partner fees to the Partnership." *Id.*

{¶ 40} Appellant admits Counts XII and XIII involve trust and estate issues. Appellant now argues the trial court should have carved out the claims against the partnership. However, the claims against the partnership were dismissed for failure to meet the requirements of R.C. 1782.58 and Civ.R. 23.1 as discussed above. We concur

with the trial court's analysis that the jurisdictional-priority rule applies. We find Counts XII and XIII "present part of the same 'whole issue' " and should be heard by the probate court.

{¶ 41} Upon review, we find the trial court did not err in dismissing Counts XII and XIII of the complaint.

{¶ 42} Assignment of Error III is denied.

IV

{¶ 43} In her fourth assignment of error, appellant claims the trial court erred in awarding appellees attorney fees and costs associated with the transfer of venue (judgment entry filed February 14, 2022). We disagree.

{¶ 44} "A trial court's decision as to the appropriateness of an award of attorney fees will not be reversed absent an abuse of discretion." *Sheet Metal Workers Local Union No. 33 v. Sutton,* 5th Dist. Stark No. 2010CA00323, 2011-Ohio-3809, ¶ 32. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 45} Civ.R. 3 governs venue. Subsection (D)(2) states: "When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in division (C) of this rule." As stated in a 1970 staff note to Civ.R. 3(C)(2), now (D)(2):

Since any action may be commenced and decided in any court that has jurisdiction of the subject matter, this provision is needed to place a curb upon the party who deliberately or heedlessly files an action in a county where venue is not proper thereby causing these additional expenses. Costs should not be assessed under this rule if venue is in doubt so that the error was one that any diligent attorney could have made.

{¶ 46} Appellant filed her initial complaint in Franklin County, Ohio. Appellees filed a motion to dismiss or transfer venue because all business related to the partnership and the trusts and estates occurred in Delaware County. Roger lived and worked in Delaware County. Appellant contested the change of venue. The motion was granted and the case was transferred to Delaware County. Appellees filed a motion for attorney fees and by judgment entry filed July 17, 2020, the trial court granted the motion and ordered appellees to submit evidence as to the requested attorney fees and costs. Appellees submitted the evidence on February 1, 2022.

{¶ 47} In its February 14, 2022 judgment entry awarding the attorney fees, the trial court stated the following:

In granting Defendants' motion for attorney fees and costs incurred in obtaining the transfer of this case from the Franklin County Court of Common Pleas, the Court emphasized that Plaintiff knew that Roger Gilcrest resides in Delaware County and performed tasks related to his parents' estates and the P. Gilcrest LLC in Delaware County. Further, she

knew the Franklin County Common Pleas Court had rejected her assertion of venue there as "pure speculation and conjecture." Given the opportunity to voluntarily transfer venue, she refused, forcing Defendants to expend significant resources to obtain the transfer.

These facts informed the Court's decision that attorney fees connected with the transfer should be borne by Plaintiff. Reviewing that issue again as prompted by Plaintiff's response to Defendant's notice regarding attorney fees, the Court maintains its position that Plaintiff's actions were "deliberate and heedless" so as to merit the award.

{¶ 48} In her appellate brief, appellant argues she did not deliberately and heedlessly initiate the action in an improper venue because she received two letters from Roger on his employer's letterhead bearing a Franklin County address. However, as found by the trial court, appellant knew Roger lived and performed tasks for the partnership and estates in Delaware County. When confronted with these facts, appellant chose to contest the transfer of venue. We cannot say the trial court abused its discretion in finding appellant actions were "deliberate and heedless" to warrant an award of attorney fees pursuant to Civ.R. 3(D)(2).

{¶ 49} Upon review, we find the trial court did not abuse its discretion in awarding appellees attorney fees and costs associated with the transfer of venue.

{¶ 50} Assignment of Error IV is denied.

{¶ 51}

{¶ 52} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Baldwin, J. concur.

EEW/db